IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
BRACHEL ROGERS JONES and CHARLES  *
JONES,                            *
                                  *
     Plaintiffs,                  *
                                  *
     v.                           *    CV 616-129
                                  *
WELLS FARGO PRINCIPAL LENDING,    *
LLC,                              *
                                  *
     Defendant.                   *
```

O R D E R

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 7.) The Clerk has given Plaintiffs notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 8.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), have been satisfied. Plaintiffs have failed to respond to Defendant's motion for summary judgment; with the time for filing materials in opposition having expired, the motion is ripe for consideration. Thus, Defendant's motion is deemed unopposed. LR 7.5, SDGa. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). For the following reasons, Defendant's motion is **GRANTED**.

## I. BACKGROUND

This case presumably revolves around Defendant Wells Fargo Principal Lending, LLC's "processing" of Plaintiffs' mortgage loan application. (Doc. 1, at 5.) On August 18, 2016, Plaintiffs initiated this action in the Magistrate Court of Bulloch County, Georgia, alleging that Defendant violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1961 et seq. and Georgia's Fraudulent Misrepresentation Statute, O.C.G.A. § 23-2-52. (Id.) Defendant subsequently removed Plaintiffs' complaint to this Court. (Doc. 1.) On January 13, 2017, Defendant served a request for admission, pursuant to Federal Rule of Civil Procedure 36. (Howard Aff., Doc. 7-2, ¶ 3.) Plaintiffs did not answer or object to Defendant's request within thirty days. (Id.) Defendant subsequently moved for summary judgment on November 29, 2017. (Doc. 7.) Plaintiffs have failed to respond to Defendant's motion and have apparently not participated in this case since its removal.

## II. LEGAL STANDARD

A motion for summary judgment will be granted if there is no disputed material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Facts are material if they could affect the results of the case. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view facts in the light most favorable to the non-moving party and draw all inferences in its favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The movant initially bears the burden of proof and must demonstrate the absence of a disputed material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must also show no reasonable jury could find for the non-moving party on any of the essential elements. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). The movant may meet this standard by showing "that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B).

If the movant carries its burden, the non-moving party must come forward with significant, probative evidence showing there is a material fact in dispute. Fitzpatrick, 2 F.3d at 1116. The non-movant must respond with affidavits or other forms of evidence provided by Federal Rule of Civil Procedure 56. Id. at 1116 n.3. The non-movant cannot survive summary judgment by relying on its pleadings or conclusory statements. Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). After the non-movant has met this burden, summary judgment is granted only if "the combined body of evidence is still such that the movant would be entitled to a directed verdict at trial – that is, such

that no reasonable jury could find for the non-movant." Fitzpatrick, 2 F.3d at 1116.

### III. DISCUSSION

As a preliminary matter, the Court must decide whether Defendant satisfied its burden of showing the absence of a material fact. Defendant supports its motion with the Request for Admission it served on Plaintiffs. "[R]equests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are conclusively established unless the court on motion permits withdrawal or amendment of the admissions." United States v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir.1992) (internal quotations omitted). Nevertheless, a party may not request an admission of a legal conclusion. In re Tobkin, 578 F. App'x 962, 964 (11th Cir. 2014).

Every question in Defendant's Request for Admission is a legal conclusion that cannot be admitted through Rule 36. (See Request for Admission, Doc. 7-3, ¶¶ 1-10.) Yet Defendant also points out that there is no evidence in the record to support Plaintiffs' claims. By doing so, Defendant has satisfied its burden of showing that there is no genuine issue of fact. FED. R. 56(c)(1)(B) (the moving party's burden may be satisfied by showing "that an adverse party cannot produce admissible

4

evidence to support the fact."). Accordingly, the burden has shifted to Plaintiffs to support the essential elements of their claims with affirmative evidence.

Plaintiffs' complaint includes an allegation that Defendant violated Georgia's Fraudulent Misrepresentation Statute, O.C.G.A. 23-2-52 and the ECOA. (Doc. 1, at 5.) Because neither claim is supported by evidence in the record, summary judgment is appropriate.

## A. Plaintiffs' Fraudulent Misrepresentation Claim

To state a claim for fraudulent misrepresentation, the plaintiff must prove: "(1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." Bacote v. Wyckoff, 310 S.E.2d 520, 523 (Ga. 1984). Here, Plaintiffs have failed to provide evidence for any of these elements. Because there is no evidence in the record to support any element of Plaintiffs' fraudulent misrepresentation claim, summary judgment is appropriate.

## B. Plaintiffs' Equal Credit Opportunity Act Claim

ECOA makes it unlawful for any creditor to discriminate against an applicant on the basis of "race, color, religion, sex, handicap, familial status, or national origin." 15 U.S.C. § 1691(a). To be held liable, a creditor must first take an "adverse action" against the plaintiff. Id. § 1691(d); Molina v. Aurora Loan Servs., LLC, 635 F. App'x 618, 624 (11th Cir. 2015). An adverse action in turn "means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6). Plaintiffs provide no evidence that Defendant took an adverse action against Plaintiffs or that such an action was based on race, color, religion, sex, handicap, familial status, or national origin. Thus, summary judgment is appropriate.[1]

Upon due consideration, Defendant's Motion for Summary Judgment (doc. 7) is **GRANTED**. The Clerk is directed to enter **JUDGMENT** in favor of Defendant and **CLOSE** this case.

---

[1] Plaintiffs' also assert a claim for punitive damages pursuant to O.C.G.A. § 51-12-5.1. "Punitive damages may not be recovered where there is no entitlement to compensatory damages." Barnes v. White Cnty. Bank, 318 S.E.2d 74, 76 (Ga. Ct. App. 1984). Because Plaintiffs' substantive claims have failed, so too must their claim for punitive damages.

6

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of April, 2018.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA